# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PETER LIQUORI, SR.,<br><br>　　　　　　　　Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | CASE NO. 90-CR-1181-H<br>CASE NO. 07-CV-2251-H<br><br>ORDER DENYING MOTION TO CORRECT ORDER DENYING WITHOUT PREJUDICE MOTION TO REDUCE SENTENCE |

　　　　On November 28, 2007, Petitioner filed a motion seeking resentencing pursuant to 18 U.S.C. § 3582. (Doc. No. 545.) The Court denied the request without prejudice in an order signed on April 1, 2008, having concluded that the motion should be construed as a subsequent petition under 28 U.S.C. § 2255. (Doc. No. 563 ("Prior Order").) On April 29, 2008, Petitioner submitted a motion to correct a perceived error in the order. (Doc. No. 565.) For the reasons set forth below, the Court denies the request.

　　　　Petitioner disputes the accuracy of the following text from footnote 2 of the Prior Order:

> The Court notes that the prior two convictions involved: (1) possession for sale, and (2) witness intimidation under circumstances involving drugs. (See Gov't's Resp. Pet'r's Mot. Ex. D at 25-30.)

Petitioner would have the Court replace the footnote with the following text:

> The Court notes that the prior two convictions both involved possession of a controlled substance. (See Gov't's Information and Notice, June 18,

1991.)

Petitioner indicates concern that this purported error would cause confusion in seeking leave from the Court of Appeals to file a second or successive petition.

The Court construes Petitioner's motion as a motion for correction of a clerical mistake, oversight, or omission under Federal Rule of Civil Procedure 60(a). Under this rule, the Court may correct "a clerical mistake or mistake arising from oversight or omission" found in an order, provided there is no appeal pending.

The Court declines to make any correction to its Prior Order at this time. The disputed footnote refers to the sentencing transcript, where the sentencing judge characterized the prior convictions in the manner described in the Prior Order. The sentencing judge stated that "the real essence of CR-58321 had to do with an intimidation of a witness" and that "possession with – of controlled substances for sale had [a separate] case number, CR-58779." (See Gov't's Resp. Pet'r's Mot. Ex. D at 29.) The Prior Order's characterization of the convictions was therefore an accurate description of the approach adopted at sentencing. The Court notes, however, that it decided the Prior Order on procedural grounds and its footnote did not reflect a substantive analysis of how to characterize the prior convictions.

Therefore, the Court DENIES the motion to correct its Prior Order. In so ruling, the Court does not make any substantive determination about the nature of the prior convictions at issue.

IT IS SO ORDERED.

DATED: May 6, 2008

_Marilyn L. Huff_
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.